IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD SMITH, #R07226, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )  Case No. 15-cv-01413-NJR ) |
| KIMBERLY BUTLER, RICHARD HARRINGTON, BRADLEY CLARK, and UNKNOWN PARTY, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Ronald Smith is currently incarcerated at Western Illinois Correctional Center. He filed this action pursuant to 42 U.S.C. § 1983, after allegedly being subjected to the unauthorized use of excessive force at Menard Correctional Center on April 8, 2014. (Doc. 1). Plaintiff sues the defendants for violating his Eighth Amendment right to be free from cruel and unusual punishment, by using excessive force against him or failing to protect him from the same. This case is identical to another one that is currently pending before this Court. *See Smith v. Butler, et al.*, Case No. 15-cv-126-NJR-DGW (S.D. Ill. 2015) ("*Smith I*").

On January 13, 2016, Plaintiff filed a motion to withdraw the complaint. (Doc. 5). Plaintiff explained that he only filed this action because he thought *Smith I* would soon be dismissed on exhaustion grounds. He has since learned, however, that *Smith I* remains pending. Plaintiff asked the Court to dismiss this action without imposing a filing fee. (*Id*.).

Hours before Plaintiff filed the motion to withdraw, the Court granted his motion for leave to proceed *in forma pauperis* ("IFP motion") and assessed an initial partial filing fee of

$32.88. (Docs. 2, 4). Upon learning of this development, Plaintiff filed a "Motion to Withdraw Motion to Withdraw the Complaint" on January 15, 2016. (Doc. 6). Plaintiff asked the Court to keep this case open, now that a filing fee has been assessed. Should *Smith I* be dismissed on exhaustion grounds, he would like to pursue the same claims in this action instead. Alternatively, he asked the Court to waive his obligation to pay the filing fee for this action and dismiss it immediately. (*Id.*).

The Court agrees that this matter should be dismissed, pursuant to Plaintiff's request for voluntary dismissal. At this time, his claims in *Smith I* are viable, and the Court's scarce judicial resources are not wisely spent on parallel proceedings, such as those described by Plaintiff. His obligation to pay the filing fee was incurred at the time the action was filed, and a filing fee of $350.00[1] normally remains due and payable whether or not an action is voluntarily dismissed. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

However, Plaintiff filed his original motion to withdraw only two weeks after commencing this action on December 28, 2015. The Court has not yet screened his complaint pursuant to 28 U.S.C. § 1915A, and the defendants have not been served with this lawsuit. In light of the timely request for voluntarily dismissal, the Court will not require Plaintiff to remit any further amount in payment of the filing fee. But Plaintiff is **ADVISED** that he is not entitled to a refund of his initial partial filing fee of $32.88. *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien*, 133 F.3d at 467 (An inmate incurs the obligation to pay the filing fee for a lawsuit when the suit is filed, and the obligation continues regardless of later developments in the suit, such as dismissal of the suit or denial of leave to proceed IFP.). With that said, if Plaintiff files another action in this district that addresses the claims raised in this action, he shall receive a credit

---

[1] If a prisoner is not allowed to proceed *in forma pauperis*, an additional administrative fee of $50.00 is assessed at the time of filing, resulting in a total filing and docketing fee of $400.00.

Page **2** of **3**

toward the filing fee for that action in the amount of $32.88, ***but only if he files a copy of this Order with his IFP motion in the new action***.

**IT IS HEREBY ORDERED** that Plaintiff's motion to withdraw complaint (Doc. 5) is **GRANTED**, and the motion to withdraw motion to withdraw the complaint (Doc. 6) is **DENIED as moot**. This action is **DISMISSED without prejudice**. See FED. R. CIV. P. 41(a)(2). This dismissal shall *not* count as one of Plaintiff's allotted "strikes" under 28 U.S.C. § 1915(g).

The Clerk's Office is **DIRECTED** to close this case and send a copy of this Order to the Trust Fund Officer at Western Illinois Correctional Center.

**IT IS SO ORDERED.**

**DATED:  January 19, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**